# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENNY F. MARTIN, II, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 09-CV-758-GKF-TLW |
| KELLY BIRCH, Captain;<br>STEVE TOLLIVER, Sheriff;<br>RICK ISHMEL, Deputy Sheriff;<br>LT. MATTHEWS;<br>GINA HUTCHINSON, Chief of Security;<br>and Others, | ) |
| Defendants. | ) |

## OPINION AND ORDER

On December 1, 2009, Plaintiff, a state prisoner appearing *pro se*, submitted for filing a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). Plaintiff complains of the conditions of his confinement at the Creek County Jail. On December 9, 2009, he filed a supplement (Dkt. # 3) to the complaint. On January 6, 2010, Plaintiff provided a change of address (Dkt. # 4) reflecting that he is no longer incarcerated. For the reasons discussed below, the Court finds Plaintiff shall be allowed to proceed *in forma pauperis*. However, his complaint shall be dismissed for failure to state a claim upon which relief may be granted.

As a preliminary matter, the Court notes that Plaintiff filed a separate civil rights action in this Court, Case No. 09-CV-670-GKF-TLW. In the complaint filed in the instant action, he requests consolidation of the two cases. However, the Court has determined that the complaint, as amended, filed in Case No. 09-CV-670-GKF-TLW, fails to state a claim upon which relief may be granted and has dismissed that action. As a result, Plaintiff's request for consolidation has been rendered moot.

**A. Motion to proceed *in forma pauperis***

Based on representations contained in the motion to proceed *in forma pauperis*, the Court finds Plaintiff lacks sufficient funds to pay the filing fee required to commence this action. Therefore, his motion to proceed *in forma pauperis* shall be granted. Furthermore, because Plaintiff is no longer incarcerated, he is not required to pay the filing fee in monthly installments as required under 28 U.S.C. § 1915(b). See Whitney v. State of New Mexico, 113 F.3d 1170, 1171 n.1 (10th Cir. 1997).

**B. Complaint shall be dismissed**

**1. Standard for dismissal**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere

conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

**2. Plaintiff's complaint fails to state a claim upon which relief may be granted**

In his complaint (Dkt. # 1), Plaintiff identifies one (1) claim: that he has been denied due process. He complains that he was never given an inmate handbook containing the facility's rules. He further complains that jail officials nonetheless enforce the rules through the use of tasers and threats of punishment. He does not identify the relief he seeks.

Plaintiff's complaint fails to state a claim and shall be dismissed under 28 U.S.C. § 1915(e)(2)(B). First, Plaintiff's complaint does not comply with the Federal Rules of Civil Procedure. He completely fails to state how each named defendant violated his constitutional rights. He simply makes broad and conclusory allegations. Furthermore, the use of the term "and others" in the caption of the complaint is insufficient for naming defendants and does not comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 10(a) (stating that "[i]n the complaint, the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state

the name of the first party on each side with an appropriate indication of other parties"). Plaintiff also fails to identify the relief he seeks, as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(3) (providing that a pleading states a claim for relief if it contains "a demand for the relief sought, which may include relief in the alternative or different types of relief").

The Fourteenth Amendment protects pretrial detainees from the imposition of conditions of confinement that constitute "punishment." Bell v. Wolfish, 441 U.S. 520 (1979). "Punishment" may be loosely defined as "a restriction or condition that is not reasonably related to a legitimate goal-if it is arbitrary or purposeless" Id. at 539. "Reasonably related" means that the restriction is (1) rationally related to a legitimate governmental purpose, and (2) not excessive in relation to that purpose. Id. at 561. After liberally construing the allegations contained in the complaint, the Court finds that Plaintiff does not allege facts suggesting that the failure to be provided orientation or a handbook of rules rises to the level of a constitutional violation. He makes no allegation nor does he present evidence suggesting that he was denied a handbook or orientation for punitive reasons. In fact, in response to a Request to Staff, a staff member informed Plaintiff that "new rules will be posted soon." See Dkt. # 1, Ex. 2. Furthermore, Plaintiff has failed to allege or provide evidence suggesting that he was subjected to disciplinary proceedings without due process. His allegations are overbroad and conclusory.

Plaintiff further complains that a grievance he filed on November 5, 2009, had not been answered as of November 28, 2009. A prison official's failure, if any, to adequately respond to a prisoner's grievance does not implicate a constitutional right. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (official's failure to process inmates' grievances, without more, is not actionable under section 1983); Greer v. DeRobertis, 568 F.Supp. 1370, 1375 (N.D. Ill. 1983)

(prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right); see also Shango v. Jurich, 681 F.2d 1091 (7th Cir. 1982) (a prison grievance procedure does not require the procedural protections envisioned by the Fourteenth Amendment). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley, 997 F.2d at 495 (quoting Azeez v. DeRobertis, 568 F.Supp. 8 (N.D. Ill. 1982)); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has no legitimate claim of entitlement to a grievance procedure). Therefore, Plaintiff may not base a § 1983 claim on allegations that jail officials have failed either to respond to a grievance or to respond adequately. Plaintiff's complaint shall be dismissed for failure to state a claim upon which relief may be granted.

### 3. Second "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff was incarcerated when he filed this action and he has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court has dismissed another civil rights action filed by Plaintiff, Case No. 09-CV-670-GKF-TLW, for failure to state a claim. Therefore, this dismissal shall count as Plaintiff's second "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2) is **granted**.

2. The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's second "prior occasion" for purposes of 28 U.S.C. § 1915(g).

DATED THIS 7th day of January, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma